**WO**                                                                                           JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Alberto Hernandez, | No.   CV-23-01400-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Chandler, et al., | |
| Defendants. | |

**I.     Procedural History**

On June 8, 2023, pro se Plaintiff Mario Alberto Hernandez, who is not in custody, filed a Complaint (Doc. 1-1 at 2-15)[1] in the Superior Court of Maricopa County, Arizona, against the City of Chandler, Chandler Municipal Court, and Chandler City Police Department.  Defendants were served on June 15, 2023.  On July 17, 2023, Defendants filed a Notice of Removal and removed the case to this Court.  (Doc. 1.)

Before the Court are Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 4); Plaintiff's Motion for Electronic Filing (Doc. 6); Plaintiff's Motion for Protective Order (Doc. 7); Defendants' Motion to Stay Discovery (Doc. 11); Plaintiff's Application to Proceed In Forma Pauperis (Doc. 13); and Plaintiff's Motion for Award of Damages (Doc. 16.)  The Motion to Dismiss and Motion for Protective Order are fully briefed. (Docs. 8, 9, 10, 14.)

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

JDDL

The Court will grant Defendants' Motion to Dismiss; deny Plaintiff's Motion for Protective Order; deny as moot Defendants' Motion to Stay Discovery; deny as moot Plaintiff's Application to Proceed In Forma Pauperis; and deny Plaintiff's Motion for Award of Damages.

**II.   Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In his Complaint, Plaintiff alleges, among other things, that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights. This Court's jurisdiction extends to such claims. *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Notice of Removal was filed within 30 days of Defendants being served. It therefore appears this case was timely and properly removed.

**III.   Motion to Dismiss**

   **A.   Legal Standards**

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

### B.     Plaintiff's Allegations

In the Complaint, Plaintiff sues the City of Chandler, the City of Chandler Municipal Court, and the Chandler Police Department. Plaintiff asserts that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights. He seeks declaratory, monetary, and injunctive relief, as well as his costs and fees for this case.

Plaintiff alleges the following:

On June 30, 2022, the Chandler Municipal Court issued an Order of Protection against Plaintiff, without good cause. (Doc. 1-1 at 7.) Police officers served Plaintiff with the Order of Protection and forcibly removed him from his home. (*Id.*)

On July 11, 2022, Plaintiff appeared before Magistrate Monica Lindstrom in the Chandler Municipal Court for a contested hearing regarding the Order of Protection. (*Id.* at 10.) At the hearing, Plaintiff was not given the opportunity to cross-examine or question witnesses. (*Id.*) The Magistrate entered judgment against Plaintiff. (*Id.*) On July 14, 2022, Plaintiff filed an appeal to the Arizona Court of Appeals. (*Id.*)

On September 3, 2022, Chandler Police were dispatched to a disturbance call. (*Id.*) Body camera footage captured a robbery in progress, but the police failed to intervene and stop the criminal activity. (*Id.*) On September 10, 2022, Chandler police called Plaintiff and conducted an illegal search and seizure without lawful justification. (*Id.*) The officers arrested Plaintiff and physically removed him from his home, at gunpoint, without probable cause. (*Id.*)

On September 17, 2022, Plaintiff reported the robbery to the Chandler Police Department, but no effort was made to investigate the report. (*Id.* at 8.) Subsequently,

Plaintiff submitted an insurance claim, which was denied because a report written of Officer Trujillo stated that the robbery was "'community property' taken in the presence of Chandler City Police in cooperation with the suspect." (*Id.* at 11.)

On January 4, 2023, the Arizona Court of Appeals reversed and remanded the Chandler Municipal Court's ruling. (*Id.* at 8.) On February 17, 2023, the Superior Court dismissed the charges. (*Id.*) On April 26, 2023, the Chandler City Municipal Court issued an additional dismissal order of any charges. (*Id.*)

Plaintiff alleges that the City of Chandler violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as Article 2, section 4 of the Arizona Constitution. (*Id.* at 3, 8-9.) Plaintiff asserts that the Chandler Municipal Court and Magistrate Lindstrom violated his right to due process. (*Id.* at 9.) Plaintiff claims the Chandler Police Department violated his Fourth Amendment rights when they seized him at his home without probable cause or a warrant and violated his Fifth Amendment rights when they searched his residence without a warrant. (*Id.*) Plaintiff alleges that he was not read his *Miranda* rights "immediately upon police contact via phone call" before he was taken into custody. (*Id.*)

Plaintiff asserts that Magistrate Lindstrom and Chandler Municipal Court violated his Fourteenth Amendment due process rights during the July 11, 2022 contested hearing. (*Id.* at 10.) Plaintiff contends the appellate court "found Magistrate Lindstrom negligent in her duties, further affirming the violation of [his] due process rights." (*Id.*) Plaintiff claims the City of Chandler's actions "amounted to racial discrimination and denial of equal protection under the law," in violation of the Fifth and Fourteenth Amendments. (*Id.*) Plaintiff alleges that the actions of the City of Chandler and the Chandler Police Department targeted and discriminated against him based on his Hispanic ethnicity. (*Id.* at 11.) Plaintiff further claims the September 10, 2022 search was "motivated by racial profiling." (*Id.*)

Plaintiff asserts that the City of Chandler and the Chandler Police Department violated his Fourteenth Amendment rights by failing to take appropriate action following

Plaintiff's robbery report. (*Id.*) Plaintiff alleges, "It is believed that this inaction was motivated by race-based discrimination." (*Id.*)

As his injury, Plaintiff alleges that he had a six-month contract with Screen SPE, which was terminated as a result of the charges against him. (*Id.* at 5.) Plaintiff also asserts he had a six-month contract with BAE, which also was terminated. (*Id.*) Plaintiff claims he suffered money damages during the robbery he reported, and he suffered severe emotional mental anguish and a decline in overall wellbeing. (*Id.*)

### C. Discussion

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

#### 1. Chandler Police Department

Defendant Chandler Police Department is a subpart of the City of Chandler, not a separate entity for purposes of suit. *Gotbaum v. City of Phx.*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008); *see Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (county sheriff's office is a nonjural entity); *see also Vicente v. City of Prescott*, 2012 WL 1438695, at *3 (D. Ariz. 2012) (city fire department is a nonjural entity); *Wilson v. Yavapai County Sheriff's Office*, 2012 WL 1067959, at *4 (D. Ariz. 2012) (county sheriff's office and county attorney's office are nonjural entities). Because Defendant Chandler Police Department is not a separate entity, it is not capable of being separately sued. Thus, the Court will dismiss Defendant Chandler Police Department.

### 2.      Chandler Municipal Court

Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A state is not a 'person' for purposes of section 1983. Likewise 'arms of the State' . . . are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). State superior courts are "arms of the State" for Eleventh Amendment purposes. *See Lucas v. Ariz. Sup. Ct. Fiduciary Certification Program,* 457 F App'x 689, 690 (9th Cir. 2011) ("The Arizona Supreme Court . . . is an 'arm of the state' for Eleventh Amendment purposes."); *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). Municipal courts, as part of the hierarchical system of state courts, are also arms of the state protected from suit by Eleventh Amendment immunity. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). Thus, the Court will dismiss Defendant Chandler Municipal Court.

### 3.      City of Chandler

"A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant City of Chandler maintained a specific policy or custom that resulted in a

violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Thus, the Court will dismiss without prejudice Defendant City of Chandler.

### D. State Law Claims

The Court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Moreover, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); see also *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).

### E. Leave to Amend

For the foregoing reasons, the Court will grant the Motion to Dismiss with leave to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995)) ("[D]ismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend.").

Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice

1  is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693
2  F.3d 896, 928 (9th Cir. 2012) (en banc).

### IV. Defendants' Motion to Stay Discovery

Defendants seek to stay discovery in this matter pending resolution of the Motion to Dismiss. The Court will deny as moot the Motion to Stay Discovery.

### V. Plaintiff's Motions

#### A. Motion to Allow Electronic Filing

In his Motion to Allow Electronic Filing, Plaintiff states that he is representing himself and is able to comply with all of the requirements for electronic filing. He has attached the required registration form. The Court, in its discretion, will grant the Motion to Allow Electronic Filing **in this case only**. Furthermore, Plaintiff is still required to submit a clear, legible **paper** copy of every pleading or document filed, for use by the Court. *See* LRCiv 5.4.

#### B. Motion for Protective Order

In his Motion for Protective Order, Plaintiff seeks an order "prevent[ing] retaliation" against him by Defendants. Plaintiff asserts that the City of Chandler made a "concerning statement" that "suggests an intention to hire an investigator to delve into Plaintiff's background." Specifically, Plaintiff states that Defendants' counsel inadvertently copied Plaintiff on an e-mail in which counsel stated, "Maybe we should get the investigator to do a bit of a background check on [Plaintiff]?" Plaintiff cites 42 U.S.C. § 1985(2) in support of his request.

Section 1985 pertains to conspiracy to interfere with civil rights. Plaintiff has not asserted a conspiracy claim under § 1985.

What Plaintiff actually seeks is an injunction prohibiting retaliation against him. Because the Court will dismiss the Complaint, there are no claims before the Court. Thus, there is no basis on which to grant injunctive relief. *See DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945) (an injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief

is not proper when it is requested on matters lying wholly outside the issues in the suit); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (to obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.")

In addition, Plaintiff's assertion that Defendants' counsel's suggestion that an investigator delve into Plaintiff's background means that Defendants have retaliated or intend to retaliate against him is wholly speculative. "Speculative injury does not constitute irreparable injury to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (internal citation omitted). "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* The Court will deny the Motion for a Protective Order.

### C. Motion for Award of Damages

In the Motion for Award of Damages, Plaintiff seeks "a compensatory payment" from the City of Chandler based on the purported violations of Plaintiff's constitutional rights. As discussed above, the Complaint will be dismissed, and there are no claims pending. If Plaintiff wishes to add allegations, claims, or Defendants, he must do so in an amended complaint, not in a separate motion. The Court will deny the Motion for Award of Damages.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Electronic Filing (Doc. 6) is **granted in this case only**. Plaintiff has already submitted the required registration form. Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case-related transmissions, be able to electronically transmit documents to the Court in .pdf format, register as a subscriber to PACER (Public Access to Electronic Records) within **5 days** of the date of this Order, and comply with the

privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.  **Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to Plaintiff**.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 13) is **denied as moot**.

(3) Defendants' Motion to Stay Discovery (Doc. 11) is **denied as moot**.

(4) Defendants' Motion to Dismiss (Doc. 4) is **granted**.  The Complaint is **dismissed without prejudice**.

(5) Within **30 days** of the filing date of this Order, Plaintiff may file an amended complaint that cures the deficiencies identified in the Order.

(6) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

(7) Plaintiff's Motion for Protective Order (Doc. 7) and Motion for Award of Damages (Doc. 16) are **denied**.

Dated this 22nd day of August, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge