**WO**                                                                                                      JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Alberto Hernandez, | No.   CV-23-01400-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Chandler, et al., | |
| Defendants. | |

## I.     Procedural History

On June 8, 2023, pro se Plaintiff Mario Alberto Hernandez, who is not in custody, filed a Complaint in the Superior Court of Maricopa County, Arizona, against the City of Chandler, the Chandler Municipal Court, and the Chandler City Police Department. Defendants were served on June 15, 2023.  On July 17, 2023, Defendants filed a Notice of Removal and removed the case to this Court.

Subsequently, Defendants filed a Motion to Dismiss the Complaint and a Motion to Stay Discovery.  Plaintiff filed a Motion for Electronic Filing, a Motion for Protective Order, an Application to Proceed In Forma Pauperis, and a Motion for Award of Damages. In an August 22, 2023 Order, the Court determined removal was proper, denied Plaintiff's Motion for Protective Order,[1] denied as moot Defendants' Motion to Stay Discovery and

---

[1] In the Motion for Protective Order, Plaintiff sought an order "prevent[ing] retaliation" against him by Defendants.  Plaintiff asserted that the City of Chandler made a "concerning statement" that "suggests an intention to hire an investigator to delve into Plaintiff's background."

Plaintiff's Application to Proceed In Forma Pauperis, denied Plaintiff's Motion for Award of Damages, and granted Defendants' Motion to Dismiss.  The Court gave Plaintiff 30 days to file an amended complaint.

On September 4, 2023, Plaintiff filed his First Amended Complaint (Doc. 18), and on September 5, 2023, he filed an Application to Proceed In Forma Pauperis (Doc. 19).[2] On September 18, 2023, Defendant City of Chandler filed a Motion to Dismiss for Failure to State a Claim.  (Doc. 20.)  Plaintiff filed a Response to the Motion, Defendant filed a Reply, and Plaintiff filed a Sur-Reply.  (Docs. 21, 22, 23.)  On September 27, 2023, Plaintiff filed a Motion for Preliminary Injunction.  (Doc. 24.)  Defendant filed a Response to the Motion, and Plaintiff filed a Reply.  (Docs. 25, 26.)  On October 12, 2023, Plaintiff filed a Motion in Limine.  (Doc. 27.)  On October 31, 2023, Defendant filed a Motion to Stay Discovery.  (Doc. 28.)

## II.    Discussion of First Amended Complaint

In his 13-count First Amended Complaint, Plaintiff sues the City of Chandler; Municipal Court Magistrate Judge Monica K. Lindstrom; Deputy City Prosecutor Rosemary Rosales; City of Chandler Police Officers Billie Etringham, Heath Hernandez, Joshua Cohen, Sal Haro Trujillo, Jacob Ramer, Joseph Phelps, and Zachary Thomas; and the respective spouses of the individual Defendants.  Plaintiff asserts claims regarding his civil and criminal proceedings in Chandler Municipal Court.  He seeks monetary relief, unspecified injunctive relief, and his costs and fees for this case.

### A.    Plaintiff's Allegations

Plaintiff alleges the following:

On June 30, 2022, Defendant Ramer and a non-party police officer[3] served an ex parte Order of Protection on Plaintiff.  (Doc. 18 at 8.)  Defendant Lindstrom had issued the Order of Protection, which granted Plaintiff's estranged wife complete occupancy of their

---

[2] Defendants paid the filing fee for this case when they filed their Notice of Removal.  **Plaintiff does not need to file an Application to Proceed In Forma Pauperis**.

[3] Plaintiff refers to the officer as "John Doe" and makes allegations against the officer, but he has not named the officer as a Defendant.

marital rented home. (*Id.*) Plaintiff "protested to service and explained to [Defendant] Ramer . . . that everything stated in the [the Order of Protection] was a lie and had never occurred." (*Id.*) Pursuant to the Order of Protection, Plaintiff was forced to "remove himself from the premises within 15 minutes." (*Id.*)

On July 1, 2022, Plaintiff requested a contested hearing in Chandler Municipal Court. (*Id.* at 9.) Plaintiff was informed that the contested hearing would be conducted remotely. (*Id.*) Plaintiff was instructed to await correspondence from the Chandler Municipal Court regarding his trial date. (*Id.*)

The contested hearing occurred on July 11, 2022. (*Id.* at 10.) It appears Plaintiff's estranged wife testified, and after her testimony, Defendant Lindstrom stated that she was inclined to keep the protective order in place. (*Id.*) Defendant Lindstrom gave Plaintiff an opportunity to explain why the court should not keep the Order of Protection in place. (*Id.*) Plaintiff testified that everything his wife had said "was a complete lie" and a "complete fabrication of the evidence." (*Id.* at 11.) Defendant Lindstrom kept the Order of Protection in place. (*Id.*) Plaintiff was not permitted to cross-examine his wife. (*Id.* at 12.)

On July 14, 2022, Plaintiff appealed Defendant Lindstrom's decision to the Arizona Superior Court. (*Id.* at 15.) On January 4, 2023, the court reversed and remanded the case.[4] (*Id.*) On February 17, 2023, the Chandler Municipal Court dismissed the Order of Protection. (*Id.*)

On September 3, 2022, Plaintiff's property "was the subject of an ongoing robbery incident." (*Id.* at 24.) That day, Defendants Etringham, Hernandez, Trujillo, and Thomas responded to a disturbance call, and, although they were "presen[t] during the robbery incident," they "failed to intervene or take reasonable action to prevent the unlawful taking of Plaintiff's property." (*Id.* at 24-25.) Defendant Trujillo later acknowledged that property had been removed from the home but "argued it was communal property." (*Id.* at 25.)

---

[4] The Superior Court concluded that by failing to afford either party the opportunity to cross-examine the other party, the trial court failed to comply with the Arizona Rules of Protective Order Procedure. *See* https://courtminutes.maricopa.gov/viewerME.asp?fn=Lower%20Court/012023/m10254963.pdf (last accessed Nov. 2, 2023).

1       On September 10, 2022, Defendants Ramer and Thomas searched Plaintiff's
2   residence without probable cause or a valid warrant.  (*Id.* at 19.)  As a result, Plaintiff
3   allegedly suffered emotional distress, invasion of privacy, humiliation, loss of property,
4   and "other damages."  (*Id.* at 20.)

5       On September 17, 2022, Defendants Trujillo and Hernandez informed Plaintiff that
6   "the items taken weren't solely owned by [Plaintiff]."  (*Id.* at 25.)  Defendant Hernandez
7   did not conduct a "substantial investigation" into the robbery; his efforts were "limited to
8   a single phone call to inquire about the recovery of stolen property, despite the existence
9   of body camera video evidence depicting" the alleged robbery.  (*Id.* at 26.)

10      Plaintiff alludes to a November 11, 2022 "incident" involving Defendant Cohen,
11  but he makes no other allegations concerning that incident.  (*Id.*)

12      **B.**    **Section 1983 Claims Against the Non-Municipal Defendants**
13          **1.**    **Judicial Immunity**

14      Judges are absolutely immune from § 1983 suits for damages for their judicial acts
15  except when they are taken "in the 'clear absence of all jurisdiction.'"  *Stump v. Sparkman*,
16  435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871));
17  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a
18  function normally performed by a judge and the parties dealt with the judge in his or her
19  judicial capacity.  *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir.
20  1990).  This immunity attaches even if the judge is accused of acting maliciously and
21  corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or
22  procedure.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

23      Plaintiff's allegations against Defendant Lindstrom pertain only to the role as judge
24  in Plaintiff's municipal court proceeding.  Defendant Lindstrom is absolutely immune from
25  liability under § 1983 and will be dismissed.

26          **2.**    **Count 1 (Due Process/Confrontation)**

27      Plaintiff alleges that on June 30, 2022, Defendant Ramer served him with an order
28  of protection in #22-C-DV266, which Plaintiff asserts "stated false allegations of abuse

and inflationary lies of incidents that never occurred." (Doc. 18 at 8.)  In Count 1, Plaintiff alleges that Defendant Ramer "demonstrated a reckless indifference and a callous disregard for Plaintiff's rights before, during, and after the contested hearing" by: failing to afford Plaintiff the opportunity for meaningful cross-examination during the proceedings, thereby depriving him of a crucial element of a fair trial; disrupting the integrity of the hearing by imposing "REMOTE" procedures that further impeded Plaintiff's ability to present a comprehensive defense; exhibiting incompetence and negligence in their role as judicial officers, causing significant harm to Plaintiff's ability to receive a fair and impartial hearing; deliberately limiting Plaintiff's ability to provide critical testimony and evidence, depriving him of a fair opportunity to present his case; and failing to ensure proper guidance and clarification for Plaintiff's procedural inquiries, causing confusion and impeding his ability to navigate the remote proceedings effectively.  (Doc. 18 at 18.)

Plaintiff's allegation that Defendant Ramer served him an order of protection does not state a due process claim under § 1983.  Plaintiff does not allege any facts to support that Defendant Ramer testified or in any other way participated in the contested hearing.

To the extent Plaintiff asserts he was deprived of his Sixth Amendment right to confront witnesses during the contested hearing, an Order of Protection is a civil matter, not a criminal matter.  The Confrontation Clause of the Sixth Amendment provides that "[i]n all *criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI; *see also Paredes v. Ramirez*, No. 2 CA-CV 2022-0007, 2022 WL 4091734, at *3 n.4. (Ariz. Ct. App. Sept. 7, 2022) (recognizing that the Sixth Amendment applies only in "criminal prosecutions" and a hearing on an order of protections is not a criminal proceeding).  Plaintiff had no Sixth Amendment rights with respect to the contested hearing.  Thus, the Court will dismiss Count 1 as to Defendant Ramer.

### 3.    Count 2 (Fourth Amendment Search and Seizure)

In Count 2, Plaintiff alleges that Defendants Ramer and Thomas violated his Fourth Amendment rights when they searched his residence without probable cause or a valid

warrant.  Plaintiff's allegations are too vague and conclusory to state a Fourth Amendment claim.  Plaintiff does not allege the circumstances in which Defendants Ramer and Thomas searched his residence; what evidence, if any was discovered; and whether that evidence was used to charge or prosecute Plaintiff.  As presented, Plaintiff fails to state a Fourth Amendment claim in Count 2 against Defendants Ramer and Thomas.

Plaintiff also alleges in Count 2 that Defendant Cohen violated Plaintiff's Fourth Amendment rights, but he alleges no facts concerning Defendant Cohen's conduct.  Thus, Plaintiff fails to state a claim in Count 2 against Defendant Cohen.  The Court will dismiss Count 2 as to Defendants Ramer, Cohen, and Thomas.

#### 4.   **Count 3 (*Miranda* violation)**

In Count 3, Plaintiff alleges that Ramer and Cohen twice interrogated him, without advising him of his *Miranda*[5] rights. "No person shall . . . be compelled in any criminal case to be a witness against himself . . . ."   U.S. Const. amend. V. To state a Fifth Amendment claim, plaintiff must allege that he made a coerced statement that is used against him in a criminal case.  *Chavez v. Martinez*, 538 U.S. 760, 766-67 (2003) ("[A] violation of the constitutional right against self-incrimination occurs only if one has been compelled to be a witness against himself in a criminal case."). Plaintiff alleges that he was not given a *Miranda* warning, but he does not assert that he made any statement as a result, much less that such statement was used against him in a criminal case. Thus, Plaintiff has failed to state a claim under the Fifth Amendment as to Defendants Ramer and Cohen.

Plaintiff also names Defendant Thomas in Count 3, but he does not allege that Defendant Thomas ever questioned him in connection with a crime.  Thus, Plaintiff fails to state a Fifth Amendment claim in Count Three against Defendant Thomas.  The Court will dismiss Count 3 as to Defendants Ramer, Cohen, and Thomas.

#### 5.   **Count 4 (Failure to Intervene)**

In Count 4, Plaintiff alleges that Defendants Etringham, Hernandez, Trujillo, and Thomas were present while Plaintiff's residence was robbed, but they "failed to intervene

---

[5] *Miranda v. Arizona*, 384 U.S. 436 (1966).

or take reasonable action to prevent the unlawful taking of Plaintiff's property." (Doc. 18 at 24.) In general, the State is not liable for its failure to protect an individual from harm. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (recognizing that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"); *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000). "If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." *DeShaney*, 489 U.S. at 196-97.

But "the general rule announced in *DeShaney* that members of the public have no constitutional right to sue state actors who fail to protect them from harm inflicted by third parties 'is modified by two exceptions: (1) the special relationship exception; and (2) the danger creation exception.'" *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007) (quoting *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992)).

The "special relationship exception" exists when "'the State takes a person into its custody and holds him there against his will.'" *Johnson v. Wash. Dep't of Soc. and Health Servs.*, 671 F.3d 837, 842 (9th Cir. 2011) (quoting *DeShaney*, 489 U.S. at 199-200). "[I]t is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the 'deprivation of liberty' triggering the protections of the Due Process Clause." *Id.* (quoting *DeShaney*, 489 U.S. at 200). Plaintiff alleges no facts to support that at the time of the robbery, he was incarcerated, institutionalized, or restrained against his will. Thus, the "special relationship exception" does not apply here.

Plaintiff alleges no facts to support that any *affirmative* conduct by Defendants Etringham, Hernandez, Trujillo, and Thomas put Plaintiff in danger. *See id.* at 641 (finding no due process violation where plaintiffs failed to offer evidence that police officers "engaged in affirmative conduct that enhanced the dangers" the plaintiffs exposed

themselves to by participating in a Mardi Gras celebration).  Thus, the danger creation exception to the rule set forth in *DeShaney* does not apply here.

In short, Plaintiff fails to state a claim in Count 4, and it will be dismissed.

### 6.      Count 5 (Violation of Arizona Constitution)

In Count 5, Plaintiff alleges that all Defendants violated Article 2, section 4 of the Arizona Constitution.  Section 1983 does not provide a cause of action for violations of state law or state constitutional rights.  *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981).  Thus, the Court will dismiss Count 5.

### C.      State Law Claims Against the Non-Municipal Defendants

The Court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  Moreover, the Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).  Plaintiff has failed to state a federal claim against the individual Defendants.  The Court therefore declines to exercise supplemental jurisdiction over Plaintiff's state-law claims for negligence, malicious prosecution, abuse of process, false imprisonment, conspiracy, defamation/slander per se, and intentional infliction of emotional distress.  Thus, the Court will dismiss Counts 7 through 13 as to the individual Defendants.

## III.   City of Chandler's Motion to Dismiss

### A.      Legal Standards

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).  In determining

whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is proceeding pro se, the court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

Generally, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A court may consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *Id.*

**B.    Discussion**

Contrary to Plaintiff's assertion, the City of Chandler cannot be held liable under § 1983 merely because of its employees' conduct. In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see Connick v. Thompson*, 563 U.S. 51 (2011) ("local governments are responsible only for their own illegal acts"). A municipality cannot be held vicariously liable for its employees' actions. *Connick*, 563 U.S. at 60. To state a claim for *Monell* liability, a plaintiff must allege a constitutional injury that results from a custom or policy of the municipality or from a failure to train. *Monell*, 436 U.S. at 690-91; *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

For the reasons discussed above, Plaintiff fails to allege facts to support that he suffered a constitutional injury as a result of the individual Defendants' conduct. But even if he had adequately alleged an injury, he has not alleged facts to support a policy or inadequate training/supervision claim against the City of Chandler.

### 1.   Policy Claim

Where *Monell* liability is based on a policy or custom, a plaintiff must allege several threshold requirements: "(1) that [the plaintiff] possessed a constitutional right of which [he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

"A policy of inaction or omission may be based on failure to implement procedural safeguards to prevent constitutional violations." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (citation omitted). In an "omission" case, a plaintiff must show, in addition to a constitutional violation, that the municipality's policy of inaction "amounts to deliberate indifference to the plaintiff's constitutional right, and that the policy caused the violation, in the sense that the municipality could have prevented the violation with an appropriate policy." *Id.* (internal quotations omitted).

In Count 1, Plaintiff alleges that the City of Chandler, through the Chandler Municipal Court's policy of conducting protective order hearings remotely, violated his

due process rights. Plaintiff asserts that Defendant Lindstrom, as a "supervisor responsible for directing Defendant City of Chandler" with respect to Plaintiff's "arrest, detention, and criminal citation, "acted as a policymaker for the City of Chandler Municipal Court." Plaintiff does not allege any facts to support that he was injured in any way because the contested hearing was conducted remotely rather than in-person. Moreover, a policy of conducting hearings remotely does not amount to deliberate indifference to Plaintiff's due process rights. Thus, Plaintiff fails to state a claim against the City of Chandler in Count 1.

### 2. Failure to Train/Supervise

To state a claim based on a failure to train or supervise, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training or supervision inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. *Id.* at 1213-14; *see Clement v. Gomez,* 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. at 390)). A plaintiff must also show a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations omitted).

In Count 2, Plaintiff alleges that the City of Chandler's "failure to adequately train, supervise, and discipline its law enforcement personnel have contributed to a pattern of constitutional violations, including the violation of Plaintiff's Fourth Amendment rights." (Doc. 18 at 20.) In Count 6, Plaintiff alleges that the City of Chandler "has created and tolerated an atmosphere of lawlessness, having developed and maintained long-standing, department-wide customs, law enforcement-related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers and

JDDL

employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public." (*Id.* at 30.) Plaintiff asserts that the City of Chandler "has developed and maintained, permitted to propagate and grow, and has a department-wide custom of arresting, detaining, and ultimately charging citizens with crimes in an effort to insulate itself from claims of excessive force, even if doing so requires fabrication of factual evidence, or listening to known perjuries." (*Id.* at 31.) Plaintiff claims that the "improper training and supervision provided by Defendant City of Chandler . . . resulted from a conscious or deliberate choice to follow a course of action from among various alternatives." (*Id.*)

Again, Plaintiff has not alleged facts to support that he suffered any constitutional violation. Moreover, Plaintiff alleges no facts concerning the individual Defendants' training or supervision, let alone facts to support that any inadequate training or supervision was the result of a "deliberate" or "conscious" choice on the part of the City of Chandler. Plaintiff has simply repeated the elements of a claim for failure to train or supervise. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff also alleges no *facts* to support that the City of Chandler has maintained or permitted a custom of "arresting, detaining, and ultimately charging citizens with crimes."

For the foregoing reasons, Plaintiff fails to state a § 1983 claim against the City of Chandler.

## C.     State Law Claims

Because the Court will dismiss the federal claims against the City of Chandler, the Court declines to exercise jurisdiction over Plaintiff's related state-law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers of America*, 383 U.S. at 726; *Gini*, 40 F.3d at 1046.

## IV.   Leave to Amend

The Court will dismiss the First Amended Complaint with leave to amend. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (citing *Lucas v. Dep't*

*of Corr.*, 66 F.3d 245, 248-49 (9th Cir. 1995)) ("[D]ismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies cannot be cured by amendment or after the pro se litigant is given an opportunity to amend.").

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios*, 896 F.2d at 1546. After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.    City of Chandler's Motion to Stay Discovery**

Defendant City of Chandler seeks to stay discovery in this matter pending resolution of the Motion to Dismiss. Because the Court will grant the Motion to Dismiss, the Court will deny as moot the Motion to Stay Discovery.

**VI.    Plaintiff's Motions**

**A.    Motion for Temporary Restraining Order and Preliminary Injunction**

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979).

**1.    Motion for Temporary Restraining Order**

A temporary restraining order can be issued without notice

only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **and** (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). *See also* LRCiv 65.1 ("*Ex parte* restraining orders shall only issue in accordance with Rule 65, Federal Rules of Civil Procedure.").

Plaintiff has not shown that he will suffer irreparable injury before Defendants can be heard in opposition and has not certified the "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Because the request for a temporary restraining order fails to comply with Rule 65(b)(1)(B), the Court, in its discretion, will deny without prejudice Plaintiff's request for a temporary restraining order. *See* LRCiv 65.1. *See also Am. Can Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (district court abused its discretion in granting ex parte temporary restraining order "when there was no valid reason for proceeding ex parte and by disregarding the strict procedural requirements of Fed. R. Civ. P. 65(b) for the issuance of such ex parte orders"); *Adobe Sys., Inc. v. S. Sun Prods., Inc.*, 187 F.R.D. 636, 643 (S.D. Cal. 1999).

### 2. Motion for Preliminary Injunction

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party has the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

An injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and

1    the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.
2    1994) (per curiam).

3         Plaintiff seeks an injunction "prohibiting retaliation" against him.  He alleges that
4    he has received messages from Defendant Rosales "expressing an interest in hiring an
5    investigator to target" Plaintiff; Defendant Cohen's "unsolicited phone call added to"
6    Plaintiff's "growing anxiety"; and he has "been subjected to a barrage of emails and phone
7    calls from other police agencies, constituting an obvious pressure campaign aimed at
8    intimidating him."  These issues are beyond the scope of this case.

9         Furthermore, as discussed above, the Court will dismiss the First Amended
10   Complaint for failure to state a claim; Plaintiff therefore fails to show he is likely to succeed
11   on the merits of his claims.  Thus, the Court will deny the portion of the Motion that seeks
12   a preliminary injunction.

13        **B.    Motion in Limine**

14        In his Motion in Limine, Plaintiff asks the Court to enter certain evidence into the
15   record.  The Court will deny the Motion.  As discussed above, the Court will dismiss the
16   First Amended Complaint for failure to state a claim.  If Plaintiff files a second amended
17   complaint, the Court will screen it.  If the Court determines that Plaintiff states a claim
18   against one or more Defendants, the Court will order Defendant(s) to answer the claims.
19   After one or more Defendants have answered, the Court will issue a scheduling order
20   setting forth deadlines for discovery.  Until then, any discovery motions are premature and
21   will be denied.

22   **IT IS ORDERED:**

23        (1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 19) is **denied as**
24   **moot**.

25        (2)    Defendant City of Chandler's Motion to Stay Discovery (Doc. 28) is **denied**
26   **as moot**.

27        (3)    Defendant City of Chandler's Motion to Dismiss (Doc. 20) is **granted**.

28

JDDL

(4)     Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 24) and Motion in Limine (Doc. 27) are **denied**.

(5)     The First Amended Complaint (Doc. 18) is **dismissed without prejudice**.

(6)     Within **30 days** of the filing date of this Order, Plaintiff may file a second amended complaint that cures the deficiencies identified in the Order.

(7)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 6th day of November, 2023.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge

JDDL